Date signed December 21, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| USGEN NEW ENGLAND, INC. | : | Case No. 03-30463PM |
| | : | Chapter 11 |
|     Reorganized Debtor | : | |
| ------------------------------- | : | |
| USGEN NEW ENGLAND, INC. | : | |
| | : | |
|     Plaintiff | : | |
| vs. | : | Adversary No. 05-1958PM |
| | : | |
| OCEAN STATE POWER, | : | |
|   a general partnership | : | |
| OCEAN STATE POWER II, | : | |
|   a general partnership | : | |
| | : | |
|     Defendants | : | |
| ------------------------------- | : | |

**MEMORANDUM OF DECISION**

This adversary proceeding came before the court on December 15, 2005, for a pre-trial conference. The court also considered the Defendant's Motion to Dismiss Counts II and III of the Complaint. For the reasons set out herein, the court will dismiss Counts II and III of the Complaint.

This cause of action is based upon an agreement entitled, Equalization Agreement, entered into between the Defendants and USGen New England, Inc., on June 28, 2002. The Complaint asserts that 60 monthly payments of $31,234.76 were payable, that the conditions precedent to payment were fulfilled, but that the Defendants failed to pay the monthly

installments accruing on or after September, 2004.  Count I is for breach of contract.  Count II is for specific performance of the contract, and Count III is stated in terms of a turnover complaint pursuant to § 542 of the Bankruptcy Code.  Defendants concede that Count I of the Complaint states a cause of action.  Counts II and III are both equitable remedies.  *See Mardirossian v. The Paul Revere Insurance Company*, 286 F.3d 733, 735-36 (CA4 2002), and *In re Mushroom Transportation Company, Inc.*, 382 F.3d 325, 336 (CA3 2004).  There is no relief sought in Counts II and III that would not be encompassed by a judgment in Plaintiff's favor on Count I.

It is a cardinal principle of American law and a "basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreputable injury if denied equitable relief." *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974).  Put another way,

> From what has been said already it must be apparent that the only excuse for coming into equity was the fact that the legal remedy was entirely lacking or was in some way imperfect.  In short, the complainant could come into equity only if he had nowhere else to go.  He must make this perfectly plain when he invoked the jurisdiction of the chancellor, for the first and most fundamental principle of equity is that it cannot act if the remedy at law is plan, adequate and complete.

W. P. Stafford, *A Hand Book of Equity*, pg 26 (1934).  *See also, Kasten Construction Co. v. Maple Ridge Construction Co.*, 226 A.2d 341 (Md. 1967).  There is no question that the legal relief sought here is plain and adequate and sufficient to obtain the ends of justice as the equitable remedy.  *Brummel v. Clifton Realty Co., Inc.*, 125 A. 905, 907 (Md. 1924).

An appropriate order will be entered.

cc:
Leslie J. Polt, Esq., 600 New Hampshire Avenue, N.W., Washington, DC 20037
Bonnie Glantz Fatell, Esq., One Logan Square, Philadelphia, PA 19103
Marc E. Richards, Esq., Chrysler Bldg, 405 Lexington Avenue, New York, NY 10174
Adam M. Spence, Esq., 105 West Chesapeake Avenue, #400, Towson, MD 21204
David W. Elrod, Esq., 500 N. Akard Street, #3000, Dallas, Texas 75201
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**